UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY CARR, JAMES ETHRIDGE, AND BAILEY HANKINS, JR., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 3:14-cv-01084 ) Judge Sharp ) |
| TRANSCANADA USA SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## **Memorandum**

Plaintiffs' complaint before this Court alleges unlawful retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* (ADEA). Defendant TransCanada USA Services, Inc. has filed a Motion to Dismiss (Docket No. 5) pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, Defendant's Motion to Dismiss will be granted.

### I. FACTUAL BACKGROUND

Defendant is a corporation doing business in Tennessee. Plaintiffs Danny Carr, James Ethridge, and Bailey Hankins, Jr. ("Plaintiffs") are former employees of Defendant who were terminated in July and August of 2012. Upon Plaintiffs' termination, Defendant offered, and Plaintiffs accepted, severance packages that included Severance and Release Agreements which were signed by each Plaintiff. The Agreements purported to release, waive and forever discharge any claims Plaintiffs had against Defendant, including claims under the ADEA, in

1

exchange for severance payments and benefit. The Agreements also contained Confidentiality/Nondisparagement clauses, which prohibited Plaintiffs from making disparaging remarks about Defendant. The Agreements each provided that a breach would entitle Defendant to judicial enforcement and damages. (Docket No. 8, Ex. A-C).

On December 17, 2012, Plaintiffs filed individual Charges with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination and retaliation. (Docket No. 1 ¶¶ 36-38). On April 22, 2012, Plaintiffs individually filed lawsuits against Defendant alleging claims for age discrimination and retaliation under the ADEA. (Docket No. 5, Ex. 10-12). These complaints challenged the validity of the waivers contained in the Agreements. *Id*. Defendant asserted counterclaims for breach of contract and unjust enrichment ("the Counterclaims") arising out of the waivers and confidentiality/non-disparagement provisions in the Agreements. (Docket No. 5, Ex. 4, 6, 8).

On August 14, 2013, Plaintiffs filed a second charge with the EEOC, alleging that Defendant retaliated against them by filing the Counterclaims. (Docket No. 1 at ¶¶ 42-44). After the EEOC issued Plaintiffs Notices of Right to Sue, they brought the present lawsuit alleging that the Counterclaims constitute retaliation against Plaintiffs for exercising their statutory rights in the original EEOC Charge and lawsuit.

## II.     ANALYSIS

As a general rule, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir.2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal

2

claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Id.* (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, in determining whether a complaint sets forth a plausible claim, a court may consider not only the allegations, but "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." Ley v. Visteon Corp., 543 F.3d 801, 805 (6th Cir. 2008) (citation omitted).

To establish a prima facie case of retaliation under the ADEA, a plaintiff must show that "(1) he engaged in ADEA-protected activity; (2) such activity was known to the defendant; (3) thereafter, the defendant took an action that was averse to the plaintiff; and (4) a causal connection existed between the protected activity and the adverse action." Braithwaite v. Department of Homeland Sec., 473 Fed.Appx. 405, 413 (6th Cir. 2012). Defendant moves to dismiss Plaintiffs' retaliation claim on the basis that Plaintiffs cannot satisfy the adverse action requirement. Specifically, Defendant argues that the Counterclaims are not adverse because they have objective merit, they are compulsory, they would not dissuade a reasonable worker from asserting rights under the ADEA, and they are protected by the First Amendment. Plaintiffs, on the other hand, cite Sixth Circuit case law holding that employer counterclaims in discrimination and retaliation suits may be considered retaliatory under certain circumstances. For the reasons set forth below, this Court finds that Defendant's compulsory counterclaims arising out of waiver and confidentiality/nondisparagement agreements with the Plaintiffs are not retaliatory under the ADEA.

Retaliation claims under the ADEA are analyzed similarly to Title VII cases. See Penny v. United Parcel Services, 128 F.3d 408, 417 (6th Cir. 1997) ("Retaliation claims are treated the same whether brought under the ADEA or Title VII."); See also, Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 n. 5 (5th Cir. 1992) (indicating that cases interpreting Title VII are frequently relied upon in interpreting the ADEA); *Steffes v. Stepan Co.*, 144 F.3d 10170, 1074 (7th Cir. 1998) (stating that elements of retaliation claim are identical under Title VII and ADA).

In Burlington Northern & Santa Fe Railway Co., v. White, the Supreme Court held that the scope of the antiretaliation provision of Title VII extends beyond "workplace-related or employment-related acts and harm." Burlington Northern & Santa Fe Railway Co., v. White, 548 U.S. 53, 68 (2006). A challenged action is materially adverse if a reasonable employee would find it so, meaning, "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (internal citations omitted). The Court emphasized that the standard must be objectively analyzed from the viewpoint of a *reasonable* employee. Id. Here, the Court finds that Plaintiffs have failed to allege that a reasonable employee would be dissuaded by the Counterclaims from filing a discrimination and retaliation complaint under the ADEA. Specifically, there are no allegations that Defendant acted in bad faith or with a retaliatory motive when filing its Counterclaims.

Plaintiffs, in support of their argument, cite Sixth Circuit case law that stands for the proposition that the scope of the antiretaliation provisions may cover former employees who become the target of retaliatory lawsuits and counterclaims brought by their former employers after they file charges of discrimination. See Gill v. Rinker Materials Corp., 2003 WL 749911 (E.D. Tenn. Feb. 24, 2003); Gliatta v. Tectum, Inc., 211 F. Supp.2d 992 (S.D. Ohio 2002); E.E.O.C. v. Outback Steakhouse of Florida Inc., 75 F. Supp.2d 756 (N. D. Ohio 1999).

4

The Court finds these cases distinguishable from the present facts. While it is true that in *some* circumstances counterclaims brought by employers after a former employee files charges of discrimination are retaliatory, it does not follow that *all* counterclaims of that nature must be retaliatory. In fact, the Sixth Circuit has limited decisions concluding that employer counterclaims in discrimination suits may be retaliatory to counterclaims brought in bad faith. *See Gill*, 2009 WL 749911 at *5 (E.D. Tenn. Feb. 24, 2003) ("This court concludes that the adverse action requirement for a retaliation claim encompasses an allegedly bad faith counterclaim brought by the employer against its former employee."); Gliatta, 211 F. Supp.2d 992, 1009 (S.D. Ohio 2002) ("[T]his court concludes that the adverse action requirement of a retaliation claim encompasses an allegedly bad faith counterclaim brought by the employer against its former employee."); Outback Steakhouse, 75 F.Supp.2d 756, 758 (N.D. Ohio 1999) (explaining that courts in other jurisdictions have also found that 'the filing of lawsuits, not in good faith and instead motivated by retaliation, can be a basis for a claim under Title VII.')

In this case, there are no factual allegations showing that the Counterclaims were filed in bad faith or with a retaliatory motive. Defendant alleges, and the Plaintiffs do not dispute, that the Counterclaims were compulsory under Federal Rule of Civil Procedure 13. Thus, Defendant was required to plead the Counterclaims or risk its claims being barred forever. Moreover, the causes of action in the Counterclaims did not accrue until Plaintiffs filed their E.E.O.C. Charges and discrimination and retaliation law suits. Therefore, Defendant could not have brought its Counterclaims at an earlier time. Consequently, if Defendant wanted to assert its rights under the Agreements, it *had* to bring the Counterclaims when it did. Allowing Plaintiffs to maintain a retaliation claim based on the Counterclaims would effectively constrain Defendant's ability to enforce its rights under the Agreements. The Supreme Court has recognized that the First

5

Amendment will protect against such divesting of a party's right to petition the government for redress. See Rosiana v. Taco Bell of America, Inc., 303 F. Supp.2d 878, 886 (N.D. Ohio 2004) (citing Bill Johnson's Restaurants v. Nat'l Labor Relations Bd., 461 U.S. 731, 741 (1983)).

For the reasons stated above, Defendant's Motion to Dismiss will be granted.

An appropriate order will enter.

*[signature: Kevin H. Sharp]*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE